# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

| | |
|---|---|
| **GEORGE M. HOLLOWAY,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | **Civil Action No. 3:05-0703** |
| ) | **(Criminal No. 3:04-0090)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## **PROPOSED FINDINGS AND RECOMMENDATION**

Movant has filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 35.) and a Brief in Support (Document No. 36.). By single count Indictment filed on April 21, 2004, Movant was charged with knowingly and intentionally possessing fifty grams of more of cocaine base on or about February 1, 2004, with the intention of distributing it in violation of 21 U.S.C. § 841(a)(1). United States v. Holloway, Criminal No. 3:04-0090, Document No. 8. Movant entered a letter-form plea agreement with Respondent and pled guilty to the charge on June 29, 2004. (Id., Document Nos. 19, 20 and 22.) The Court sentenced Movant on September 7, 2004, to a 262 month term of imprisonment[1] and a five year term of

---

[1] The Presentence Investigation Report indicates that Movant's Base Offense Level under U.S.S.G. § 2D1.1 was 34 and two levels should be added for his possession of a firearm so that his adjusted Offense Level was 36. (¶¶ 19 and 20.) The Report further indicates that Movant's Offense Level should be 37 under U.S.S.G. § 4B1.1 because Movant qualified as a career criminal. (¶ 27.) Subtracting three levels for acceptance of responsibility, the Report found Movant's total Offense Level to be 34. (¶¶ 28 - 30.) Because Movant qualified as a career criminal, he was found to be in Criminal History Category VI. (¶ 38.) With a total Offense Level of 34 and in Criminal History Category VI, Movant's Guideline range of imprisonment was 262 to 327 months. (¶ 57.) The Addendum to the Presentence Report indicates that Movant had two objections. Recognizing that he was regarded as qualifying for sentencing as a career criminal, Movant nevertheless argued that his Base Offense Level under U.S.S.G. § 2D1.1 should be 32, not 34, and his Offense Level should not be increased by two levels for his possession of a firearm. It appears that the District Court

supervised release and imposed a $5,000 fine and $100 special assessment. (Id., Document No. 30.) Movant did not appeal his conviction or sentence. Rather, Movant filed his Section 2255 Motion and Brief in Support on August 29, 2005. (Document Nos. 35 and 36.) Movant states as the grounds for relief pursuant to Section 2255 as follow (Document No. 35, p. 4.):

| | | |
|---|---|---|
| A. Ground one: | | The [Movant] was denied the right to appeal. |
| | Supporting facts: | Following sentencing in this matter, I requested (as did my family) that defense counsel file a notice of appeal. |
| B. Ground two: | | The government violated the oral terms of the plea agreement in this matter by failing to file a 5K1.1 motion in this matter. |
| | Supporting facts: | After providing information to law enforcement agents under the understanding that the government would reward such cooperation via a substantial assistance motion, said motion was not filed. |
| C. Ground three: | | The Defendant's career offender enhancement must be vacated and/or the Defendant must be resentenced with respect to same based on counsels failure to seek a downward departure with respect to same. |
| | Supporting facts: | Defense counsel failed to seek a downward departure with respect to the Defendant's career offender status. Furthermore, said status is unconstitutional since the characterization of said acts was not charged in the Indictment. |

In his Brief in Support (Document No. 36.)[2], Movant asserts that his trial attorney, Mr. Mark Underwood, was ineffective in representing him in failing to file a notice of appeal when he

---

accepted the findings respecting Movant's career criminal status as set forth in the Presentence Investigation Report and sentenced Movant at Offense Level 34, Criminal History Category VI to 262 months in prison, the low end of the Guideline range. (Document No. 32 (Statement of Reasons).)

[2] The undersigned notes that Movant's Brief in Support as it is available on CM/ECF is missing numbered page 9.

"specifically requested that counsel tender a notice of appeal in this matter and counsel ignored [his] specific instructions in this regard." (Id., p. 4.) Respecting his claim that Respondent breached the plea agreement by failing to file a substantial assistance motion, Movant indicates that he understood from conversations with his attorney and law enforcement agents at the time he decided to plead guilty that if he provided assistance to law enforcement officers, he would receive a reduced sentence. Finally, it appears that Movant is contending that his trial attorney was ineffective in failing to challenge the District Court's determination that he qualified as a career offender and enhancement of his sentence when the facts underlying the enhancement were not charged in the Indictment or proven to a jury pursuant to the United States Supreme Court's June 25, 2004, decision in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). (Id., pp. 6 - 8 and 10.) It further appears that Movant is claiming that his trial attorney was ineffective in failing to request a downward departure in his sentence under U.S.S.G. § 4A1.3 because his "prior conduct was exaggerated by his criminal history score." (Id., p. 10.)

By Order filed on August 31, 2005, the Court required Respondent to file a response to Movant's Motion (Document No. 39.), and Respondent did so on September 29, 2005. (Document No. 40.) Respecting Movant's claim that his trial attorney did not initiate a direct appeal though he and his family requested it, Respondent states that it contacted Mr. Underwood on September 20, 2005, and Mr. Underwood said that he was retained to represent Movant at trial, not on appeal. (Id., p. 3.)[3] Mr. Underwood stated that he discussed appealing with Movant "but, because [Movant]'s

---

[3] Movant submitted his Section 2255 Motion "under penalty of perjury that the foregoing is true and correct." (Document No. 35.) When Movant swears that the contents of his Section 2255 Motion are true and correct, Respondent's attorney's mere statement of what Movant's trial attorney said during a telephone call with Respondent's attorney about appealing Movant's conviction/sentence is unacceptable. The undersigned expects that in every case Respondent's attorney will submit the trial attorney's Affidavit or Declaration and a copy of all records and

3

sentence was driven by his lengthy criminal history, advised against pursuing the appeal." (Id.) Mr. Underwood said that Movant did not request that he initiate an appeal within the time period prescribed for doing so. (Id.) Mr. Underwood said that thereafter he "received numerous requests from [Movant]'s family members to pursue other post conviction relief but not a direct appeal. All those requests came well after the time had run." (Id., pp. 3 - 4.) Respondent asserts that Movant has not submitted any proof of any communications between him and Mr. Underwood about initiating an appeal of his conviction and sentence and therefore his claim that Mr. Underwood was ineffective in representing him in failing to do so is groundless. Respecting Movant's claim that Respondent violated the oral terms of the plea agreement by failing to request a reduction of his sentence under U.S.S.G. § 5K1.1 for his cooperation, Respondent states that (1) the written plea agreement specifically provided that it was the entire agreement[4]; (2) Mr. Underwood stated that there was no agreement or understanding in addition to the written plea agreement; and (3) Respondent's trial

---

documents germane to the issue which might indicate communications between Movant and his trial attorney about the issue along with Respondent's Response.

[4] The written plea agreement (Document No. 40, Exhibit A.) between Movant and Respondent provides as follows respecting cooperation:

> Mr. Holloway will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.

The plea agreement provided further respecting final disposition as follows:

> The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises, and will make no recommendation, as to a specific sentence. However, the United States reserves the right to:
> \* \* \*
> (f)     Advise the Court concerning the nature and extent of Mr. Holloway's cooperation[.]

4

attorney, Assistant United States Attorney Stephanie Haines, states by her Affidavit that Respondent made no promise to request a reduction of Movant's sentence under U.S.S.G. § 5K1.1 for his cooperation.[5] (Id., p. 5.) Respecting Movant's Blakely claim that the District Court erred in determining that he qualified as a career offender and enhancing his sentence, Respondent states that the United States Supreme Court's decisions in Blakely and Booker do not apply retroactively to Movant's sentence and even if they did, it is not necessary that his criminal history be charged in the Indictment and presented to a jury. (Id., pp. 6 - 10.)

By Order filed on September 30, 2005, the Court informed Movant that he could file a reply to Respondent's Response to his Motion. (Document No. 41.) Movant did not do so.

By Order filed on June 29, 2010, the Court stated that it did not appear that Movant's claims that the United States breached his plea agreement by failing to file a substantial assistance motion and the District Court improperly determined his career offender status had merit, but the Court had insufficient information to determine whether or not Mr. Underwood was ineffective in failing to file a notice of appeal. (Document No. 44.) The Court ordered that a hearing would be scheduled and that counsel be appointed to represent Movant. By Order filed on August, 2010, the Court scheduled the hearing for Thursday, September 2, 2010. (Document No. 48.)[6]

---

[5] Assistant United States Attorney Haines states that she was on maternity leave from July 1 to September 27, 2004, and "[t]herefore, I was not personally present for any post-plea debriefings that may or may not have occurred with Mr. Holloway. At no time were any promises made by me as to a substantial assistance motion." (Document No. 40, Exhibit B.) It appears that Assistant United States Attorney McVey represented the United States after Ms. Haines went on maternity leave.

[6] On entry of the June 29, 2010, Order, the undersigned had no information respecting when Movant cooperated and the extent of his cooperation. The undersigned learned at the September 2, 2010, hearing that Movant provided information to law enforcement officers in debriefing contemporaneously with proceedings in 2004 in Criminal No. 3:04-0090 and then testified in Grand Jury proceedings in 2007, well after Movant filed his Section 2255 Motion and Respondent filed its

On September 2, 2010, the parties convened for a hearing with Movant present via teleconferencing and represented by Assistant Federal Public Defender George H. Lancaster and Respondent represented by Assistant United States Attorney R. Gregory McVey. Respondent called Mr. Underwood to testify. Mr. Underwood testified that he was retained to represent Movant with respect to charges against Movant as they were initially lodged in State Court, and Movant expressed an interest early on in cooperating. The circumstances which were the basis of the State charges became the basis of the federal charges in United States v. Holloway, Criminal No. 3:04-0090, and Mr. Underwood was retained to represent Movant through proceedings in the District Court in that matter. Mr. Underwood was retained to represent Movant only in proceedings before the District Court and up to and including the filing of a Notice of Appeal if Movant requested that Mr. Underwood do so. It is evident that prior to his sentencing, Movant debriefed with federal investigators. Following Movant's September 7, 2004, sentencing hearing, Mr. Underwood spoke with Movant's wife and father-in-law and Movant about continuing to indicate an interest in cooperating culminating in the filing of a U.S.S.G. § 5K1.1 substantial assistance motion and appealing his sentence. Mr. Underwood did not recall whether or not Movant requested that he file a Notice of Appeal. Mr. Underwood testified that he would have advised against appealing and encouraged Movant to continue to express an interest in cooperating believing that if Movant proceeded with an appeal, counsel for the United States would be much less inclined to give Movant the opportunity to cooperate.[7] Mr. Underwood testified that after Movant's sentencing, Movant and

---

Response in this matter.

[7] In *United States v. Wade*, 504 U.S. 181, 185 - 186, 112 S.Ct. 1840, 1844 - 1845, 118 L.Ed.2d 524 (1992), the United States Supreme Court held that "federal district courts have authority to review a prosecutor's refusal to file a substantial assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." Circuit Courts have equated the

6

his family members could have spoken independently by telephone with his legal assistant about filing an appeal. Mr. Underwood did not file a notice of appeal, and thereafter, Movant cooperated. Mr. Underwood referred to letters to produce Movant as Movant was incarcerated at FCI McKean in Pennsylvania to testify at proceedings in the Southern District of West Virginia dated from August to December, 2007. Evidently, well after his sentencing, Movant testified at Grand Jury proceedings and perhaps other proceedings in this District.

Movant, his wife and father-in law testified, and their testimony was basically consistent with Mr. Underwood's. Movant testified that he met with Mr. Underwood following his sentencing hearing after Mr. Underwood met with his family, and Mr. Underwood advised that appealing his sentence might make it unlikely that the United States would make a U.S.S.G. § 5K1.1 motion. Movant testified that he was more concerned about cooperating. He testified that he did not think he told Mr. Underwood to appeal his sentence or not to appeal it. He testified that after his sentencing, he was incarcerated at FCI McKean and was transported back to West Virginia five or six times as a cooperating witness.[8] Movant indicated that up to that point noone had promised him anything. Ms. Danielle Butler, Movant's wife and a school teacher, recalled that she requested that

---

discretion which the United States has under U.S.S.G. § 5K1.1 motion with the discretion it has under U.S.S.G. § 3E1.1(b). *United States v. Sanders*, 370 Fed.Appx. 386, 388 (4th Cir. 2010). Courts have held that the United States may refuse to make a U.S.S.G. § 3E1.1(b) motion when a defendant indicates that he will appeal because "the expenditure of additional resources in anticipation of and defending against an appeal is a legitimate governmental interest." *United States v. Johnson*, 581 F.3d 994, 1003 (9th Cir. 2009); *United States v. Newson*, 515 F.3d 374, 379 (5th Cir. 2008). In view of these decisions, Mr. Underwood's thinking as Movant was focused upon cooperating that the United States might be disinclined to make a U.S.S.G. § 5K1.1 motion after Movant's sentencing if Movant appealed his sentence and advice against appealing was therefore reasonable.

[8] Movant indicated in testifying that when he was removed and returned to FCI McKean, other inmates there suspected that he might be cooperating and Movant was subject to danger and risk of injury. Whether Movant was in danger or risk of injury as a consequence of his cooperation is a factor which the Court may consider under U.S.S.G. § 5K1.1.

7

Mr. Underwood appeal Movant's sentence as she spoke with Mr. Underwood following Movant's sentencing hearing and Mr. Underwood advised that he would but it might affect the filing of any potential U.S.S.G. § 5K1.1 motion. Ms. Butler testified that she called Mr. Underwood's office a couple of days after Movant's sentencing hearing to see if Mr. Underwood had appealed Movant's sentence as she understood that Movant wanted to do so. Mr. Ernest Butler, Movant's father-in-law now retired from General Motors, testified that he was present during discussions with Mr. Underwood following Movant's sentencing hearing and heard Ms. Butler ask whether Mr. Underwood had appealed Movant's sentence when she called Mr. Underwood's office a couple of days after Movant's sentencing.

As the undersigned heard the testimony of the witnesses, it became clear that at the time of Movant's sentencing hearing and for a considerable period thereafter, the United States was continuing to represent, and Movant believed, that if Movant cooperated sufficiently, he could qualify for a U.S.S.G. § 5K1.1 substantial assistance motion, and these circumstances obviously impacted Movant's decision respecting appealing his sentence.[9] If Movant appealed his sentence, he likely would lose the opportunity to cooperate and receive a substantial assistance motion. If Movant did not appeal his sentence and cooperated, he would forfeit his right to appeal and might also not qualify for a substantial assistance motion. It appeared that under these circumstances, Movant could not decide whether or not to appeal his sentence and therefore did not instruct Mr. Underwood to appeal or not to appeal. It seemed that given the dilemma created by Movant's right

---

[9] Discussions about a defendant's cooperation and representations that the defendant might qualify for a substantial assistance motion bring the defendant, who is very often facing a very substantial sentence, to understand unilaterally as he cooperates that a substantial assistance motion will be forthcoming. It appears that Movant has held this understanding all along as he was called upon to cooperate in 2007, three years after he was sentenced.

to appeal his sentence and the United States' continuing representation that Movant might qualify for a substantial assistance motion, the proper course was to attempt to keep both opportunities open, the former by filing a Notice of Appeal. The undersigned asked whether the United States would stipulate that Movant should be re-sentenced, and the United States did so. The undersigned further requested that the United States give consideration to whether Movant qualified for a U.S.S.G. § 5K1.1 motion, and the United States agreed to do so.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing statements respecting the factual and procedural background and accordingly **RECOMMENDED** that the District Court **REOPEN** United States v. Holloway, Criminal No. 3:04-0090, for Movant's resentencing as may be appropriate under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), thereby restoring Movant's appeal rights and for consideration of Movant's entitlement to a reduction of his sentence pursuant to U.S.S.G. § 5K1.1, **DISMISS** Movant's Motion for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 (Document No. 35.) and remove this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Robert c. Chambers. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection

is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Copies of such objections shall be served on opposing parties, District Judge Chambers, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Movant who is acting *pro se* and counsel of record.

ENTER: September 10, 2010.

R. Clarke VanDervort
United States Magistrate Judge